James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Defendant,
APL CO. PTE LTD. (s/h/a AMERICAN PRESIDENT LINES)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARFORD FIRE INSURANCE COMPANY a/s/o Woodbridge Industries, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> AMERICAN PRESIDENT LINES, <br><br> Defendant. | 08 Civ. 5326 (WMP)(DFE) <br><br> **ANSWER** |

     NOW COMES Defendant, APL Co. Pte Ltd. sued here as American President Lines ("APL"), by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff Harford Fire Insurance Company as subrogee of Woodbridge Industries, Inc. ("Plaintiff"), and respectfully states upon information and belief:

     1.     Admits that this action is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333. Denies the remaining allegations set forth in paragraph "1" of the Complaint, and respectfully refers all questions of law for determination by this Court at the time of trial.

2. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Complaint.

3. Denies that shipper and consignee have performed all conditions required on their part to be performed with respect to the subject shipment. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "3" of the Complaint.

4. Denies that APL is a wholly owned subsidiary of Neptune Orient Lines. Admits the remaining allegations set forth in paragraph "4" of the Complaint.

5. Admits that on or about June 13, 2007, in accordance with APL bill of lading number APLU 056074803 dated June 13, 2007, a shipment consisting of six hundred and seventy (670) cartons of cargo described on the bill of lading as men's 100% cotton woven denim jeans was delivered to APL in Chittagong as a common carrier to be shipped by Manta Apparels, Ltd. as the shipper, to Grayson, Kentucky via Seattle, Washington in consideration of certain freight charges. Denies the remaining allegations set forth in paragraph "5" of the Complaint.

6. Admits the allegations set forth in paragraph "6" of the Complaint as to defendant APL but denies the remainder of the allegations in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "7" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

9. APL alleges, by way of an affirmative defense, that American President Lines is not a proper party to this action, as it did not issue the applicable contract of carriage.

### SECOND AFFIRMATIVE DEFENSE

10. APL alleges, by way of an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

11. APL alleges, by way of an affirmative defense, that Plaintiff is not the real party in interest.

### FOURTH AFFIRMATIVE DEFENSE

12. APL alleges, by way of an affirmative defense, that said shipment described in Plaintiff's Complaint was subject to all the terms, conditions and exceptions contained in bill of lading APLU 056074803 to which Plaintiff agreed to be and is bound. Any shortage, loss or damage to the shipment, which APL specifically denies, was due to causes for which APL was not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

### FIFTH AFFIRMATIVE DEFENSE

13. APL alleges, by way of an affirmative defense, that any damage sustained or to be asserted by Plaintiff, which APL specifically denies, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which APL had no control and/or for which APL cannot be held liable.

## SIXTH AFFIRMATIVE DEFENSE

14. If, which is denied, APL is found liable for any loss or damage to the cargo in question, Plaintiff's right to recovery from APL must be denied for its assured's failure to mitigate its damages. 46 U.S.C. App. § 1304.

## PRAYER FOR RELIEF

WHEREFORE, APL respectfully requests:

1. The Complaint against APL be dismissed with prejudice and that judgment be entered in favor of APL; and,

2. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 17, 2008

HOLLAND & KNIGHT LLP

By: _____
James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Telephone: 212-513-3200
Telefax: 212-385-9010
E-mail: jim.hohenstein@hklaw.com
        lissa.schaupp@hklaw.com

Attorneys for Defendant,
*APL Co. Pte Ltd.*
*s/h/a American President Lines*

TO:

James P. Krauzlis
BADIAK & WILL, LLP
106 3rd Street
Mineola, NY 11501

4

(516) 877-2225
*Attorneys for Plaintiff*

# 5476634_v1